NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BARBARA E. BROWN, | No. 20-55350 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-01418-CJC-E |
| v. | |
| ALEX COLLINS, Sheriff Deputy, individual and official capacity, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| STATE OF CALIFORNIA DEPARTMENT OF MOTOR VEHICLES; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted May 18, 2021**

Before: CANBY, FRIEDLAND, and VANDYKE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Barbara E. Brown appeals pro se from the district court's summary judgment in her 42 U.S.C. § 1983 action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Shelley v. Geren*, 666 F.3d 599, 604 (9th Cir. 2012). We affirm.

The district court properly granted summary judgment on Brown's excessive force claim against defendant Collins because Brown failed to bring this claim within the applicable statute of limitations or establish any basis for tolling. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (§ 1983 claims are governed by the forum state's statute of limitations for personal injury claims, including state law regarding tolling); *see also* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury claims); *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (under federal law, which determines accrual, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action" (citation and internal quotation marks omitted)); *Vaughn v. Teledyne, Inc.*, 628 F.2d 1214, 1218 (9th Cir. 1980) (plaintiff has burden to prove facts that show tolling).

The district court properly dismissed Brown's remaining claims in the operative fourth amended complaint for failure to comply with Federal Rule of Civil Procedure 8 because, despite opportunities to amend, Brown failed to provide "fair notice" of what each "claim is and the grounds upon which it rests." *Bell Atl.*

2

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (standard of review); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory").

The district court did not abuse its discretion by denying Brown's motions for appointment of counsel because Brown failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

The district court did not abuse its discretion by denying Brown's motions to disqualify the district judge because Brown failed to establish extrajudicial bias or prejudice. *See United States v. McTiernan*, 695 F.3d 882, 891-92 (9th Cir. 2012) (setting forth standard of review and circumstances requiring disqualification).

We reject as unsupported by the record Brown's contentions that the district court engaged in improper conduct.

To the extent Brown makes contentions regarding her prior federal actions, we do not consider such contentions because they are outside the scope of this appeal.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**